UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-786 |
| RUSSELL ROBERTS, ET AL. | SECTION "H" (2) |

**ORDER AND REASONS**

On September 22, 2024, plaintiff Tomarcus Porter filed a Motion to File an Amended Complaint (ECF No. 26) to add additional factual support and legal arguments to support his due process claim against defendant Lt. Russell Roberts.[1]  For the following reasons, the motion is denied as futile.

**I.   Background**

Porter, a convicted inmate, filed a *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 asserting claims of assault, battery, excessive force, and violation of his due process rights against defendants Lt. Russell Roberts and Major Andria Johnson, while housed in the B.B. "Sixty" Rayburn Correctional Center.  ECF No. 4, ¶III(B)-(C), at 4; *id*. at ¶IV.  Upon conducting a statutory frivolousness review required under 28 U.S.C. § 1915(e) and § 1915A, I issued a Report and Recommendation on August, 16, 2024, recommending, *inter alia*, that Porter's § 1983 claim against Lt. Roberts for denial of due process as a result of a false disciplinary report be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted, "unless Porter files an Amended Complaint within 14 days of his receipt of this Report and

---

[1] The motion was filed by the clerk of court on September 30, 2024.  ECF No. 26, at 1.  Under the applicable mailbox rule, Porter's signature date would be the earliest date appearing in the record on which he could have presented the motion to prison officials for mailing to the court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes).

Recommendation to set forth any additional facts to sufficiently allege each element of a § 1983 claim against Lt. Roberts for denial of due process related to the alleged false disciplinary charges." ECF No. 20, at 12-13. The Report included the following statement of the law:

> An inmate's allegation that a prison official asserted false claims of disciplinary rule violations fails to state a claim under § 1983, when the prisoner is afforded subsequent due process protections. For an inmate to be denied due process related to disciplinary charges or disciplinary punishment, even if the report was false, the consequences faced by the prisoner-plaintiff must have created an "atypical and significant hardships" in relation to the ordinary incidents of prison life.[2]

In an apparent effort to comply with the directive in the Report and Recommendation, Porter contends in the proposed amendment that Lt. Roberts' false disciplinary report and his testimony at the related disciplinary hearing resulted in Porter being sentenced to four weeks of "quarter confinement." *Id.*, ¶8, at 2. Porter contends that the alleged false charges and resultant cell confinement sanction constituted an atypical restriction and denied him due process. *Id.*, ¶5, at 1; *id.*, ¶9, at 2.

## II.  Standards for Motion to Amend

Amendments to pleadings are governed by FED. R. CIV. P. 15(a), which states that leave to amend "shall be freely given when justice so requires."[3] District courts have discretion to determine whether justice requires granting leave.[4] "A district court must possess a 'substantial reason' to deny a request for leave to amend, but 'leave to amend is by no means automatic.'"[5]

---

[2] (footnotes omitted) ECF No. 20, ¶III(B)(1), at 9.
[3] *See, e.g., Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015) (applying FED. R. CIV. P. 15(a) to motion to substitute party-defendant).
[4] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981).
[5] *Jones v. Robinson Prop. Grp., L.P.*, 427 F. 3d 987 (5th Cir. 2005) (citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *Halbert v. City of Cherman*, 33 F.3d 526, 529 (5th Cir. 1994)).

The factors "includ[e] undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[6]

### III.     Discussion

The allegations included in Porter's proposed amended or supplemental complaint against Lt. Roberts do not satisfy the elements necessary to proceed with a due process claim arising from the allegedly false disciplinary report. Specifically, while he uses the phrase, Porter's proposed amendment fails to demonstrate that he suffered the type of atypical restriction necessary to state a due process claim.

As noted above and in the pending Report and Recommendation, an inmate's disciplinary consequences may implicate a protected due process right or liberty interest only if it the sanction imposed either lengthens his sentence or is "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest."[7] However, "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."[8] The United States Fifth Circuit Court of Appeals has held that a prisoner's 30-day commissary and cell restrictions imposed as punishment for disciplinary violations were "merely changes in the conditions of his confinement and do not implicate due process concerns."[9]

When considering the atypical nature of a disciplinary restriction, the court should consider "the conditions and length" of the disciplinary confinement.[10] The evaluation of the segregation

---

[6] *Id.* (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).
[7] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).
[8] *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).
[9] *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).
[10] *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023).

is viewed on a sliding scale, where "truly onerous conditions for a brief period of time may not be atypical; less onerous conditions for an extended period of time may be."[11]

As an example of one extreme end of the scale, in *Wilkinson v. Austin*, 545 U.S. 209 (2005), the plaintiff was confined in the Ohio Supermax facility, where he endured a 39-year segregation that denied him of almost all human contact.[12] His cell door was made of solid metal, preventing him from conversing with others; his cell light could be dimmed, but was on for twenty-four hours a day; and he could exercise one hour per day, but only while isolated and in a small indoor room.[13] Placement in the facility was indefinite and disqualified inmates from otherwise eligible parole considerations.[14] The Court determined that Wilkinson's 39-year segregation confinement deprived him "of almost any environmental or sensory stimuli and of almost all human contact."[15]

On the other end of the scale, in *Hernandez v. Velasquez*, 522 F.3d 556 (5th Cir. 2008) (*per curiam*), the plaintiff was placed on lockdown confinement for being involved in a prison gang.[16] He remained in a 5' x 9' cell, usually with another inmate, for about one year with no outdoor or out-of-cell exercise privileges but with permission to leave the cell for showers, medical appointments, and family visits.[17] He claimed that the confinement caused him to suffer muscular deterioration. The Fifth Circuit held that Hernandez failed to allege an atypical or significant

---

[11] *Bailey v. Fisher*, 647 F. App'x 472, 476 (5th Cir. 2016) (*per curiam*).
[12] *Wilkinson*, 545 U.S. at 214.
[13] *Id*.
[14] *Id*. at 214-15.
[15] *Id*. at 214.
[16] *Hernandez*, 522 F.3d at 559.
[17] *Id*. at 559.

hardship because the length and conditions of his confinement were "comparable to, if not less severe than those found unactionable in other cases."[18]

Accepting Porter's facts as alleged as true, he has not alleged a length or conditions of his four week cell confinement to demonstrate an "atypical and significant" restriction to trigger a liberty interest or due process concern.[19] Disciplinary confinement typically provides the inmate only one hour out of the cell per day for showers or other activities and may involve limitations on phone access and commissary purchases.[20] Porter has not alleged even these typical restrictions, much less any restriction or any change in the conditions of his confinement as part of his four-week disciplinary confinement. Instead Porter's proposed amendment indicates that he was on cell confinement for four weeks. He does not allege any, much less significant, loss of privileges or loss of contact with others or any change in the conditions of his stay. He apparently was simply confined to the same cell he had been before the flooding issue. Without anything more restrictive than mere administrative assignment to his own cell,[21] Porter's proposed claims fail to allege atypical and significant restrictions to state a due process claim arising from the alleged false disciplinary report and proceedings that followed.

Porter was given an opportunity to plead his best case against Lt. Roberts. Although plaintiff has made that effort, his allegations fall short. The proposed amendment is futile as it fails to allege facts sufficient to state a non-frivolous claim. The proposed amendment does not

---

[18] *Id.* at 563.
[19] *Sandin*, 515 U.S. at 484; *Carmouche*, 77 F.4th at 367.
[20] *See, e.g., Lander v. Lamartiniere*, 515 F. App'x 257, 259 (5th Cir. 2013) (loss of canteen privileges and transfers to different cellblocks did not implicate liberty interest that required due process); *Johnson v. Livingston*, 360 F. App'x 531, 532 (5th Cir. 2010) (loss of privileges and cell restriction did not implicate due process concerns); *Payne v. Dretke*, 80 F. App'x 314, 2003 WL 22367564, at *1 (5th Cir. 2003) ("commissary and recreation restrictions [as disciplinary punishment] . . . do not implicate a liberty interest under the Due Process Clause").
[21]

satisfy the opportunity given to Porter to avoid dismissal discussed in the pending Report and Recommendation and fails to overcome the recommendation in the Report and Recommendation that Porter's § 1983 claim against Lt. Russell Roberts for denial of due process as a result of a false disciplinary report be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted.  Accordingly,

**IT IS ORDERED** that Porter's Motion to File an Amended Complaint (ECF No. 26) is **DENIED**.

New Orleans, Louisiana, this 15th day of October, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE