UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-0504 |
| RUSSELL ROBERTS, ET AL. | SECTION "H" (2) |

### ORDER AND REASONS

Plaintiff Tomarcus Porter filed a Motion to Reconsider the Court's October 15, 2024, order denying his Motion to Amend Complaint (ECF No. 26). ECF No. 31. He includes in the motion a restatement of the additional factual statements and legal arguments he sought to amend into his complaint in support of his alleged due process claim against defendant Lt. Russell Roberts. *Id.* at 1-2 (section captioned Motion to Amend Complaint).

The Federal Rules of Civil Procedure do not provide specifically for motions for reconsideration.[1] However, under FED. R. CIV. P. 54, "[d]istrict courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order. The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Rule 59(e), which is in turn less exacting than the standards enunciated in Rule 60(b)."[2] The general practice of courts in the Eastern District has been to evaluate motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment, balancing the interests of justice with the need

---

[1] *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th 1998)).

[2] *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002) (citations omitted); *Tex. Comptroller of Pub. Accts. v. Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (A Rule 59(e) motion "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion) (same).

for finality.[3]  The four relevant factors in deciding a motion to reconsider under Rule 59(e) are whether: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.[4]

Motions to reconsider "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[5]  They are not the proper vehicle for rehashing evidence, legal theories, or arguments.[6]  Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party.[7]  When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[8]

In the prior order, the court denied Porter's motion to amend as futile under the standards set forth in FED. R. CIV. P. 15(a).[9]  ECF No. 27.  The court determined futility based on Porter's

---

[3] *See, e.g., Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (citations omitted); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009).

[4] *Gulf Island Shipyards, LLC v. LaShip, LLC*, No. 22-154, 2024 WL 1794361, at *3 (E.D. La. Apr. 25, 2024) (quoting *Henry v. New Orleans La. Saints, LLC*, No. 15-5971, 2016 WL 3524107, at *2 (E.D. La. June 28, 2016); *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998)).

[5] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation and citation omitted).

[6] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[7] *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990).

[8] *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 481.

[9] Amendment under Rule 15 "shall be freely given when justice so requires."  *See, e.g.*, *Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015) (applying FED. R. CIV. P. 15(a) to motion to substitute party-defendant); In evaluating the propriety of the amendment, the factors the court should consider "includ[e] undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."  *Jones v. Robinson Prop. Grp., L.P.*, 427 F. 3d 987 (5th Cir. 2005) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)); *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014).

failure to allege sufficient facts to state a due process claim arising from the allegedly false disciplinary report by his failure specifically to allege the type of atypical restrictions necessary to state a due process claim.[10] *Id*. at 3-5. As a basis for reconsideration, Porter presents the same proposed amended and supplemental claims that this court already rejected in the prior order, adding only a brief listing of restrictions imposed upon him while on administrative lockdown for four weeks. ECF No. 31, at 1-2. These same restrictions, *e.g.* phone, commissary, and shower restrictions, were addressed by the court in the prior order as specific examples of the types of temporary administrative restrictions that have been deemed typical, not atypical, for purposes of stating a due process claim. ECF No. 27, at 5.

Porter's motion and proposed claims present insufficient allegations of fact and law to state a non-frivolous due process claim to allow an amendment or to overcome the recommendation of dismissal of his due process claim as frivolous. Porter does not assert that reconsideration is necessary to correct a manifest error of law or fact, present newly discovered or previously unavailable evidence, or argue that an intervening change in the law warrants reconsideration. Porter simply disagrees with the court's prior decision denying his motion to amend. Porter, therefore, has not established that reconsideration of this court's October 15, 2024 ruling is appropriate. Accordingly,

**IT IS ORDERED** that Porter's Motion to Reconsider (ECF No. 31) is **DENIED**.

New Orleans, Louisiana, this 12th day of November, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[10] *Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023).