UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TOMARCUS PORTER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 24-0786 |
| RUSSELL ROBERTS, ET AL. | SECTION "H" (2) |

## ORDER AND REASONS

Plaintiff Tomarcus Porter filed a third Motion to File an Amended Complaint (ECF No. 33) to provide what he calls factual support and legal arguments to support his due process claim against defendant Lt. Russell Roberts.[1] For the following reasons, the motion is denied as repetitive and futile.

**I.   Background**

Porter, a convicted inmate, filed *pro se* the captioned *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 asserting claims of assault, battery, excessive force, and violation of his due process rights against defendants Lt. Russell Roberts and Major Andria Johnson, while housed in the B.B. "Sixty" Rayburn Correctional Center.  ECF No. 4, ¶III(B)-(C), at 4; *id*. at ¶IV.  As Porter is well aware, I conducted a statutory frivolousness review required under 28 U.S.C. § 1915(e) and § 1915A and issued a Report and Recommendation on August, 16, 2024.  ECF No. 20.  In that Report, I recommended, *inter alia*, that Porter's § 1983 claim against Lt. Roberts for denial of due process as a result of the allegedly false disciplinary report be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted, "unless Porter files an

---

[1] The motion was filed by the clerk of court on September 30, 2024.  ECF No. 26, at 1.  Under the applicable mailbox rule, Porter's signature date would be the earliest date appearing in the record on which he could have presented the motion to prison officials for mailing to the court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes).

Amended Complaint within 14 days of his receipt of this Report and Recommendation to set forth any additional facts to sufficiently allege each element of a § 1983 claim against Lt. Roberts for denial of due process related to the alleged false disciplinary charges." *Id*. at 12-13.

Porter has since proposed amendments to his complaint to allege Lt. Roberts' false disciplinary report and his testimony at the related disciplinary hearing resulted in Porter being exposed to "atypical and significant hardships" by way of his administrative cell confinement. *See* ECF No. 33, ¶8, at 1; *see also*, ECF Nos. 27, 32 (Orders denying Porter's prior efforts to amend to include the exact same arguments). Porter, for a third time, contends that the alleged false charges and resultant cell confinement sanction constituted an atypical restriction and denied him due process. *Id*.; *id*., ¶11, at 2.

## II.   Standards for Motion to Amend

Amendments to pleadings are governed by FED. R. CIV. P. 15(a), which states that leave to amend "shall be freely given when justice so requires."[2] District courts have discretion to determine whether justice requires granting leave.[3] "A district court must possess a 'substantial reason' to deny a request for leave to amend, but 'leave to amend is by no means automatic.'"[4] The factors "includ[e] undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[5]

---

[2] *See, e.g.*, *Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015) (applying FED. R. CIV. P. 15(a) to motion to substitute party-defendant).
[3] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981).
[4] *Jones v. Robinson Prop. Grp., L.P.*, 427 F. 3d 987 (5th Cir. 2005) (citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *Halbert v. City of Cherman*, 33 F.3d 526, 529 (5th Cir. 1994)).
[5] *Id*. (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

**III.   Discussion**

The allegations included in Porter's third proposed amended or supplemental complaint against Lt. Roberts still do not satisfy the elements necessary to proceed with a due process claim arising from the allegedly false disciplinary report. As Porter has been advised in my prior Orders, "atypical and significant hardships" are those imposed contrary to the ordinary incidents of prison life.[6] Being housed in his cell, even with limited activities outside of the cell, is not an atypical restriction sufficient to state a due process claim. Specifically, as discussed in my pending Report and Recommendation, "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."[7] As Porter has been told multiple times, four weeks of cell confinement and commissary restrictions imposed as punishment for disciplinary violations are "merely changes in the conditions of his confinement and do not implicate due process concerns."[8]

Even accepting Porter's facts as alleged as true, he has not alleged a length or conditions of his four week cell confinement to demonstrate an "atypical and significant" restriction to have created a liberty interest or invoke due process concerns.[9] Porter has alleged no restriction or change in the conditions of his confinement as part of his four-week disciplinary confinement to state a non-frivolous due process claim.

Porter was given an opportunity to plead his best case against Lt. Roberts. Although plaintiff has repeatedly tried, his repetitive proposed allegations fall short of meeting that burden.

---

[6] (footnotes omitted) ECF No. 20, ¶III(B)(1), at 9.
[7] *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).
[8] *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).
[9] *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023).

The proposed amendment is repetitive of Porter's prior proposed amendments and futile for failure to allege facts sufficient to state a non-frivolous due process claim.  Accordingly,

**IT IS ORDERED** that Porter's Motion to File an Amended Complaint (ECF No. 33) is **DENIED**.

New Orleans, Louisiana, this 18th day of December, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE