UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO. 24-0786 |
| RUSSELL ROBERTS, ET AL. | SECTION "H" (2) |

## ORDER AND REASONS

Plaintiff Tomarcus Porter filed a Motion to Terminate Judgment and Third Motion to Amend Complaint (ECF No. 40) re-urging the Court, for a fourth time, to grant him leave to amend his complaint to support his § 1983 claims against defendant Lt. Russell Roberts and Major Andria Johnson. Porter also requests the Court terminate the judgment issued in favor of both defendants on March 5, 2025. For the following reasons, the motion to amend his complaint is denied as repetitive and futile and the motion to terminate judgment is moot.

I.    **Background**

Porter, a convicted inmate, filed *pro se* the captioned *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 asserting claims of assault, battery, excessive force, and violation of his due process rights against defendants Lt. Russell Roberts and Major Andria Johnson, while housed in the B.B. "Sixty" Rayburn Correctional Center.   ECF No. 4, ¶III(B)-(C), at 4; *id*. at ¶IV.   As Porter is aware, I conducted a statutory frivolousness review required under 28 U.S.C. § 1915(e) and § 1915A and issued a Report and Recommendation on August, 16, 2024.   ECF No. 20.   In that Report, I recommended, *inter alia*, that Porter's § 1983 claim against Lt. Roberts for denial of due process as a result of the allegedly false disciplinary report be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted, "unless Porter files an Amended Complaint within 14 days of his receipt of this Report and Recommendation to set forth

any additional facts to sufficiently allege each element of a § 1983 claim against Lt. Roberts for denial of due process related to the alleged false disciplinary charges." *Id*. at 12-13. As to Porter's claims against Major Andria Johnson for failing to fully investigate his administrative grievance complaint, I recommended they be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted. *Id*. at 8.

Porter has since proposed amendments to his complaint to allege Lt. Roberts' false disciplinary report resulted in a violation of Porter's due process rights by way of his administrative cell confinement and loss of canteen, yard, and phone privileges. *See* ECF No. 40 at 4-5; *see also* ECF Nos. 27, 32, 35 (Orders denying Porter's prior efforts to amend to include the exact same arguments). Porter, for a fourth time, contends that the alleged false charges and resultant cell confinement sanction constituted an atypical restriction and denied him due process. *Id*. at 4.

Additionally, Porter proposes amendments to allege that Major Andria Johnson violated his constitutional rights in her role as the responding grievance officer. *Id*. at 5. He proposes that Major Andria Johnson deprived him of his constitutional rights by omitting to legally perform a duty, being deliberately indifferent, and giving reckless disregard to the incident that occurred as it pertained to her handling of his grievance complaint. *Id*.

As to Porter's motion to terminate judgment, he states that on March 5, 2025, the Court issued a judgment in favor of the defendants. *Id*. at 2. Porter states that judgment in favor of each defendant should be terminated as both Lt. Roberts and Major Andria Johnson violated clearly established law. *Id*.

## II.    **Standards for Motion to Amend**

Amendments to pleadings are governed by FED. R. CIV. P. 15(a), which states that leave to amend "shall be freely given when justice so requires."[1]    District courts have discretion to determine whether justice requires granting leave.[2]    "A district court must possess a 'substantial reason' to deny a request for leave to amend, but 'leave to amend is by no means automatic.'"[3] The factors "includ[e] undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[4]

## III.    **Discussion**

The allegations included in Porter's fourth proposed amended or supplemental complaint against Lt. Roberts still do not satisfy the elements necessary to proceed with a due process claim arising from the allegedly false disciplinary report.    As Porter has been advised in my prior Orders, "atypical and significant hardships" are those imposed contrary to the ordinary incidents of prison life.[5]    Being housed in his cell, even with limited activities outside of the cell, is not an atypical restriction sufficient to state a due process claim.    Specifically, as discussed in my pending Report and Recommendation, "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."[6]    As Porter has been told

---

[1]  *See, e.g., Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015) (applying FED. R. CIV. P. 15(a) to motion to substitute party-defendant).

[2]  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981).

[3]  *Jones v. Robinson Prop. Grp., L.P.*, 427 F. 3d 987 (5th Cir. 2005) (citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *Halbert v. City of Cherman*, 33 F.3d 526, 529 (5th Cir. 1994)).

[4]  *Id.* (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

[5]  (footnotes omitted) ECF No. 20, ¶III(B)(1), at 9.

[6]  *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

multiple times, four weeks of cell confinement and commissary restrictions imposed as punishment for disciplinary violations are "merely changes in the conditions of his confinement and do not implicate due process concerns."[7]

Even accepting Porter's facts as alleged as true, he has not alleged a length or conditions of his four week cell confinement to demonstrate an "atypical and significant" restriction to have created a liberty interest or invoke due process concerns.[8]  Porter has alleged no restriction or change in the conditions of his confinement as part of his four-week disciplinary confinement to state a non-frivolous due process claim.

Porter was given an opportunity to plead his best case against Lt. Roberts.  Although plaintiff has repeatedly tried, his repetitive proposed allegations fall short of meeting that burden. The proposed amendment is repetitive of Porter's prior proposed amendments and futile for failure to allege facts sufficient to state a non-frivolous due process claim.

As for Porter's new proposed amendments pertaining to Major Andria Johnson in her role as the responding grievance officer, the proposed allegation falls short of meeting the burden to give rise to a constitutional claim. As discussed in my Report, the Fifth Circuit has repeatedly held that an inmate does not have a constitutional right to an adequate and effective grievance procedure or to have his complaints investigated and resolved to his satisfaction.[9]  An inmate has no protected liberty interest in the adequacy or the result of prison administrative grievance procedures.[10]  Thus, Porter's proposed amendment is futile for failing to allege facts to state a cognizable § 1983 claim

---

[7] *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

[8] *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Carmouche v. Hooper*, 77 F.4th 362, 367 (5th Cir. 2023).

[9] *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

[10] *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (emphasis added).

against Major Andria Johnson.

In his motion to terminate judgment, Porter references a judgment that was issued by the Court on March 5, 2025, in favor of defendants Major Andria Johnson and Lt. Russell Roberts dismissing with prejudice Porter's 42 U.S.C. § 1983 claims. ECF No. 37. On March 6, 2025, the Court vacated the previously issued judgment and issued an amended judgment stating that the case remained pending. ECF No. 38. Thus, there is currently no judgment in favor of either defendant in the record for the Court to terminate as requested by Porter. Accordingly,

**IT IS ORDERED** that Porter's Motion to Terminate Judgment and Third Motion to File an Amended Complaint (ECF No. 40), as to the portion of the motion pertaining to amending the complaint, is **DENIED**. Subsequently, the portion of the motion pertaining to terminating the judgment, is **MOOT**.

New Orleans, Louisiana, this ___24th___ day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE