UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TOMARCUS PORTER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 24-0786 |
| RUSSELL ROBERTS, ET AL. | SECTION "H" (2) |

**ORDER AND REASONS**

Plaintiff Tomarcus Porter filed a Motion for Leave to Amend Complaint (ECF No. 50) to amend his related state law claims of assault and battery against Lt. Russell Roberts to assert a claim of second-degree aggravated assault with a deadly weapon. For the following reasons, the motion is denied.

**I.   Background**

Porter, a convicted inmate, filed *pro se* the captioned *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 asserting claims of assault, battery, excessive force, and violation of his due process rights against defendants Lt. Russell Roberts and Major Andria Johnson, while housed in the B.B. "Sixty" Rayburn Correctional Center.  ECF No. 4, ¶III(B)-(C), at 4; *id*. at ¶IV. After filing, I conducted a statutory frivolousness review required under 28 U.S.C. § 1915(e) and § 1915A and issued a Report and Recommendation on August, 16, 2024.  ECF No. 20.  In that Report, I recommended, *inter alia*, that Porter's § 1983 claim against Lt. Roberts for excessive force and related state law of assault and battery be allowed to proceed. *Id*. at 13.

In this motion, Porter now asks to amend his related state law claims of assault and battery against Lt. Roberts to recharacterize his claim to one for second-degree aggravated assault with a deadly weapon. ECF No. 50 at 1.  Porter does not seek to add a new event of alleged assault. Rather, he simply seeks to re-characterize the event at issue in the original complaint.

## II.   Standards for Motion to Amend

Amendments to pleadings are governed by FED. R. CIV. P. 15(a), which states that leave to amend "shall be freely given when justice so requires."[1] District courts have discretion to determine whether justice requires granting leave.[2] "A district court must possess a 'substantial reason' to deny a request for leave to amend, but 'leave to amend is by no means automatic.'"[3] The factors "includ[e] undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[4]

## III.   Discussion

As a result of his pending federal law claims under § 1983, the Court is maintaining jurisdiction over Porter's related state law tort claims of assault and battery against Lt. Roberts. The tort of "assault" in Louisiana "is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery."[5] The tort of "battery" in Louisiana requires proof of "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact."[6] In addition, "[u]nder Louisiana law, the torts of assault and battery, when raised against a law enforcement officer acting in the course of

---

[1] *See, e.g.*, *Gibson v. Ocean Shipholdings, Inc.*, No. 15-0662, 2015 WL 4645663, at *2 (E.D. La. Aug. 4, 2015) (applying FED. R. CIV. P. 15(a) to motion to substitute party-defendant).

[2] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. 1981).

[3] *Jones v. Robinson Prop. Grp., L.P.*, 427 F. 3d 987 (5th Cir. 2005) (citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *Halbert v. City of Cherman*, 33 F.3d 526, 529 (5th Cir. 1994)).

[4] *Id*. (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

[5] LA. STAT. ANN. § 14:36; *see also Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1135 (5th Cir. 2014) (defining assault as "the imminent threat of a battery") (citation omitted).

[6] *Landry v. Bellanger*, 851 So. 2d 943, 949 (La. 5/20/03).

employment, require a showing that the law enforcement officer acted with unreasonable or excessive force."[7]

Unlike criminal law, there is no cognizable civil cause of action for aggravated assault in Louisiana separate from Louisiana's tort of assault.[8] Rather, any analysis of Porter's assault claims against Lt. Roberts would be conducted within the definition of assault under Louisiana tort law. Thus, Porter's request to amend his complaint to re-characterize his law tort claim of assault to that of second-degree aggravated assault with a deadly weapon is unnecessary and futile. Porter's asserted assault claim encompasses the events at issue, and thus, re-characterization is unnecessary.

Accordingly,

**IT IS ORDERED** that Porter's Motion to File an Amended Complaint (ECF No. 50) is **DENIED**.

Signed and dated this  30th   day of July, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Elphage v. Gautreaux*, 969 F. Supp. 2d 493, 515 (M.D. La. 2013) (citing *Gerard v. Parish of Jefferson*, 424 So. 2d 440, 444 (La. App. 5 Cir. 1982)); *accord Taylor v. United States*, No. 89-4332, 1991 WL 280066, at *11 (E.D. La. Dec. 19, 1991) ("Under Louisiana law, in the absence of the use of excessive force, a law enforcement officer cannot be held liable for assault and battery if the assault and battery occurred during a lawful arrest.").

[8] *See White v. City of Winnfield*, No. 19-1410, 2021 WL 2880522, at *8 (W.D. La. March 5, 2021) (dismissing plaintiff's related state law claims of aggravated battery and aggravated assault using Louisiana's analysis for the intentional torts of battery and assault).