UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOMARCUS PORTER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-786 |
| LT. RUSSELL ROBERTS, ET AL. | * | DIVISION 2 |

## ORDER AND REASONS

This matter was referred to the undersigned for all proceedings including entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. ECF No. 64.

Pending before me are two motions filed by Defendant Lieutenant Russell Roberts: (1) Motion for Summary Judgment filed May 6, 2026, and (2) Motion to Dismiss for Failure to Prosecute filed June 10, 2026. ECF Nos. 72, 79. Plaintiff Tomarcus Porter failed to file an Opposition to the Motion to Dismiss by the June 23, 2026, deadline, and he similarly failed to file an Opposition Memorandum to the Motion for Summary Judgment by the June 30, 2026, deadline. *See* ECF No. 76; ECF No. 82; E.D. La. L.R. 7.5. The Court heard oral argument on the Motion to Dismiss, allowing Plaintiff to respond to the motion, and it took the matter under submission. ECF No. 83. No party requested oral argument on the Motion for Summary Judgment in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Considering the record, the submissions and arguments of counsel, and the applicable law, Defendant's Motion to Dismiss for Failure to Prosecute is GRANTED. Alternatively, Defendant's Motion for Summary Judgment is GRANTED for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Tomarcus Porter is a convicted inmate who was housed in B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. ECF No. 4 ¶ III(A), at 3; ECF No. 17. On March 26,

1

2024,[1] Plaintiff filed this *pro se* and *in forma pauperis* Complaint asserting, among others, a claim of excessive force in violation of the Eighth Amendment under 42 U.S.C. § 1983 and related state law claims of assault and battery against Defendant Lieutenant Russell Roberts.  ECF No. 4 ¶ IV, at 4-6; No. 5; No. 6; No. 14 ¶ 3; *see* ECF No. 20 at 11-12.  Liberally construing Plaintiff's Complaint,[2] he alleges that, on June 19, 2022, his cell began to flood when the sink and toilet water suddenly started to run, and in response, Defendant sprayed him with a chemical agent without provocation and without first requesting he submit to restraints, causing permanent blurry vision. *See* ECF No. 4 ¶ IV, at 4-6; No. 14 ¶¶ 3-4.

On automatic referral,[3] the Court issued its Report and Recommendation pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 636(b)(1)(B)-(C) on August 16, 2024, recommending, among other things, Plaintiff § 1983 excessive force claim and related state law claims be allowed to proceed against Defendant Roberts.  ECF No. 20.  Judge Milazzo approved and adopted same. ECF No. 43.  After issuance of summons and service, Defendant filed an Answer and invoked qualified immunity.  ECF Nos. 44-46, 55.  Based on the parties' unanimous consent to this Court's jurisdiction over the case, Judge Milazzo entered a §636(c) Order of Reference.  ECF Nos. 59, 64.

---

[1] While a deficient Complaint was filed on March 27, 2024, Plaintiff's Complaint is deemed filed as of the date he "submitted it to prison authorities for forwarding to the clerk of court," *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995), which appears to be March 26, 2024. *See* ECF No. 1 at 8.  And while the Complaint was deficient, Plaintiff cured that deficiency within the deadline and thus maintained the original filing date.  *See In re Honey Island Adventure, L.L.C.*, No. 16-10728, 2017 WL 661268, at *1 (E.D. La. Feb. 17, 2017) (Brown, J.) (explaining EDLA's "Unique Procedures and Practices for Electronic Filing" under which the Clerk's Office notifies a party when a filed document is deficient and specifies the deadline for curing same, which deems the corrected filing filed as of the date of the original, deficient filing (citations omitted)).

[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (holding  that *pro se* filings are to be liberally construed, and held to less stringent standards than formal pleadings drafted by lawyers (citation modified) (quoting *Estelle v. Gamble*, 429 U.S. 98, 106 (1976))).  The Complaint includes the response Plaintiff filed in accordance with the Court's June 20, 2024, Order to provide additional information concerning the facts on which he bases his claims.  ECF Nos. 10, 14.  Because the intended effect was for the response to "amplify the original allegations," it is considered "part of [the] complaint."  *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (holding *in forma pauperis* prisoner's answers to a court-ordered questionnaire meant to assess the complaint's factual and legal bases are "an integral part of that complaint" and not "an additional pleading" in violation of Rule 7(a)).

[3] E.D. La. L.R. 73.2(C); 28 U.S.C. § 636(b)(1)(B).

On October 1, 2025, the Court issued a Scheduling Order setting the case for trial on June 1, 2026, with a discovery deadline of April 1, 2026.  ECF No. 65.  Defendant served Plaintiff written discovery by mail on February 11, 2026.  *See* ECF No. 68 ¶ 2; No. 72-4.  Plaintiff did not respond.  ECF No. 68 ¶ 3.  Having not received discovery responses, Defendant moved to continue the trial and pretrial deadlines.  *Id.* ¶ 6.  Before ruling on that motion, the Court ordered that the parties appear for a telephone status conference on March 30, 2026.  ECF No. 69.  On that day, however, Plaintiff refused to appear by telephone to participate in the conference.  ECF No. 71.

Given Plaintiff's refusal to attend the status conference and the failure to respond to discovery, the Court granted Defendant's motion to continue, vacated the scheduling order, and ordered the parties to participate in a later telephone scheduling conference; the court also extended the discovery deadline for purposes of obtaining Plaintiff's responses to the outstanding discovery and ordered Plaintiff to respond by April 29, 2026.  *Id.*  This Order warned Plaintiff: "FAILURE TO RESPOND TO DISCOVERY REQUESTS AND PARTICIPATE IN THE SCHEDULING CONFERENCE MAY RESULT IN A DISMISSAL OF THIS CASE IN ACCORDANCE WITH RULE 41 OF THE FEDERAL RULES OF CIVIL PROCEDURE."  *Id.* at 2.

Although Plaintiff attended the scheduling conference, he failed to provide discovery responses by the April 29, 2026, deadline.  *See* ECF No. 72-1 at 1; No. 76.  On May 4, 2026, the Court received his Motion for Extension of Time, delivered to a prison official on April 27, 2026.  ECF No. 74.  Plaintiff provided no reason for the requested extension other than that he found the requests challenging.  *See id.*  Nonetheless, the Court again extended the discovery deadline and ordered Plaintiff to deliver responses by May 28, 2026.  ECF No. 75.  Plaintiff failed to respond to Defendant's discovery requests by the extended deadline of May 28, 2026.  ECF No. 79-1 at 1.

In the interim, Defendant filed a Motion for Summary Judgment, which he set for hearing

3

on May 27, 2026.  ECF No. 72.  Defendant based the summary judgment primarily on the unanswered Requests for Admissions establishing that Plaintiff was intentionally flooding his cell, was sprayed with a chemical agent when he failed to comply with verbal commands, was not sprayed with the intent to harm, and refused medical treatment immediately following the incident. ECF No. 72-1 at 2 (citing ECF No. 72-4).  Based on those facts, Defendant argues there is no constitutional violation, and Plaintiff cannot establish more than *de minimis* injury.  *Id.* at 4-5. Defendant also invokes qualified immunity.  *Id.* at 5-7.  Considering the extended deadline for Plaintiff to provide discovery responses, the Court continued the submission date for the Motion for Summary Judgment to June 10, 2026, and again later to July 8, 2026.  ECF Nos. 75-76.

On June 10, 2026, Defendant filed the Motion to Dismiss for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  ECF No. 79.  He seeks dismissal of Plaintiff's claims with prejudice based on Plaintiff's failure to provide discovery responses despite multiple extensions granted by the Court.  *Id.*; ECF No. 79-1 at 2-3.  Defendant contends his preparation for trial has been prejudiced by Plaintiff's failure to participate in discovery.  *Id.* at 2.

The Court's June 12, 2026, Show Cause Order required Plaintiff to file a response explaining his failure to provide discovery responses.  ECF No. 82.  Plaintiff failed to file a response.  At the June 24, 2026, hearing on the Motion to Dismiss, Defendant confirmed that he received the Court's order but did not file a response as ordered.  ECF No. 83.  When asked to orally explain his failure to participate in discovery for over four months and his noncompliance with two discovery orders, Plaintiff asserted recent housing relocations and disruptions from being surrounded by mentally disturbed inmates impeded his ability to respond.  *Id.*

4

## II.    <u>APPLICABLE LAW</u>

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[4] Moreover, when an unopposed motion seeks dismissal with prejudice, the court should not grant the motion solely because it is unopposed without considering the merits of the arguments or less severe options.[5]

### A.  <u>Rule 41(b) Dismissal</u>

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action or claim upon the motion of a defendant or its own motion if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."[6] *Pro se* litigants are not exempt from complying with same.[7] Failure to prosecute and failure to comply with the federal rules or a court order are distinctive bases for a Rule 41(b) dismissal,[8] but the failure to comply with multiple rules and/or court orders can amount to a failure to prosecute.[9]

---

[4] *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

[5] *See Webb v. Morella*, 457 F. App'x 448, 452 & n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions); *Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (vacating dismissal because the court should have considered sanctions other than dismissal with prejudice for failure to observe a filing deadline).

[6] *See also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992) (citing *Morris v. Ocean Sys.*, 730 F.2d 248, 251 (5th Cir. 1984); *Rogers v. Kroger Co.,* 669 F.2d 317, 319-20 (5th Cir. 1982)).

[7] *See Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)))).

[8] *See* 9 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2369 (4th ed. 2026) ("Rule 41(b) lumps together three quite different grounds for involuntary dismissal.").

[9] *See Ramsey v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976) (per curiam) ("The court dismissed this action not merely for failure to comply with [an] order, as it could have under Rule 41(b), but for a long pattern of conduct which amounted to want of prosecution. Nearly all of the factors which have been deemed sufficient to support such dismissal are present . . . . We have not one but several failures to obey rules and court orders." (citing cases)); *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519, 1522 (5th Cir. 1985) (per curiam) (affirming dismissal for want of prosecution under Rule 41(b) because plaintiff "delayed the prosecution of this action . . . by failing to comply with at least nine deadlines imposed by the rules of procedure or by specific orders of the court"); *Atl. Sounding Co. v. Fendlason*, 555 F. App'x 378, 379-81 (5th Cir. 2014) (affirming dismissal for failure to prosecute when the party "repeatedly failed to appear for various proceedings, and failed to comply with district court orders"); *see also* 9 WRIGHT, *supra* note 8 ("[S]ome federal courts have blurred the distinction between [failure to prosecute and failure to comply with the federal rules or a court order] by treating the noncompliance with court orders as a failure to prosecute. This is not surprising, since the two types of defalcation do overlap somewhat.").

Unless the court states otherwise, a Rule 41(b) dismissal "operates as an adjudication on the merits." FED. R. CIV. P. 41(b).  Such dismissal then "is an extreme sanction" because "it deprives a litigant of the opportunity to pursue his claim."[10]  It is thus only appropriate where, considering the history of the case,[11] there is "(1) a clear a record of delay or contumacious conduct by the plaintiff, and (2) when lesser sanctions would not serve the best interests of justice."[12]  While this "'test is conjunctive,' . . . only one of the first element's prongs must be present—either a clear record of delay *or* contumacious conduct."[13]  Typically, one or more aggravating factors are present to support dismissal, such as: "(1) delay attributable to the plaintiff, not to his attorney, (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct."[14]  But the absence of aggravating factors does not warrant overturning a dismissal with prejudice[15] because satisfaction of the two elements required for a Rule 41(b) dismissal "can alone justify" dismissal.[16]

## B. Rule 56 Standard

Rule 56 mandates that summary judgment be issued "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[17]  When the moving party carries its initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine issue of a material fact.  If, however,

---

[10] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (quoting *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980)).

[11] *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).

[12] *Boudy v. McComb Sch. Dist.*, 168 F.4th 257, 263 (5th Cir. 2026) (citation modified) (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (quoting *Callip*, 757 F.2d at 1521)).

[13] *Id.* (quoting *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citing *McNeal*, 842 F.2d at 791 ("Even without a clear record of delay, of course, a record of contumacious conduct . . . would satisfy the first of our two prerequisites for dismissal of a suit with prejudice under Rule 41(b)."))).

[14] *Id.* at 263-64 (quoting *Bryson*, 553 F.3d at 403-04 (quoting *Callip*, 757 F.2d at 1521)).

[15] *Id.* at 264 (quoting *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021)).

[16] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (quoting *Rogers*, 669 F.2d at 320 n.5).

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[18]  Summary judgment is thus proper if the party opposing the motion fails to establish an essential element of his case.[19]

Summary judgment is not precluded by disputes over facts that are not "material"[20] and disputes that are not "genuine."[21]  "When assessing whether a dispute to any material fact exists, [the court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[22]  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[23]  Likewise, when a party's version of events is "blatantly contradicted by the record," it is not entitled to the benefit of any favorable light.[24]  Thus, the court must resolve factual controversies in favor of the nonmoving party "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[25]

Only evidence—not argument, not facts in the complaint—will satisfy that burden.[26]  Unsworn pleadings, memoranda or the like are not competent summary judgment evidence.[27]

---

[18] *Celotex*, 477 U.S. at 322-25; *see also Moody v. Jefferson Par. Sch. Bd.*, 2 F.3d 604, 606 (5th Cir. 1993) (per curiam); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991).

[19] *See Celotex*, 477 U.S. at 322-23.

[20] A fact is material if its resolution could affect the outcome of the action.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (citation omitted).

[21] A genuine fact dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *see also Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (citation omitted).

[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins*., 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

[23] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.

[24] *Scott v. Harris*, 550 U.S. 372, 376, 380 (2007) (stating plaintiff's selective description of car chase as "controlled" was contradicted by dashcam footage of the high-speed chase).

[25] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (citation omitted).

[26] *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 164 (5th Cir. 1991).

[27] *Larry v. White,* 929 F.2d 206, 211 n.12 (5th Cir. 1991).

Summary judgment affidavits must be based on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated therein.[28]  Summary judgment affidavits need not, however, use any magic language, provided the affiant's personal knowledge and competence are reasonably inferred from their positions and the nature of their participation in the matters to which they swore.[29]  Statements made by affiants without personal knowledge are not capable of being presented in admissible form at trial.[30] Further, generalized testimony of a party's subjective belief is insufficient to create an issue for trial when the beliefs are not substantiated.[31]  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.[32]  If the evidence is merely colorable or not significantly probative, summary judgment is appropriate.[33]

In response to a properly supported summary judgment motion, the non-movant must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[34]  In the

---

[28] FED. R. CIV. P. 56(c)(4).

[29] *In re Green*, 968 F.3d 516, 523-24 (5th Cir. 2020) (noting personal knowledge may be inferred based on affiant's "sphere of responsibility"); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529-30 (5th Cir. 2005) (inferring personal knowledge based on finding that testimony fell within affiant's "sphere of responsibility" (citations omitted)).

[30] *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018) (citations omitted); *see also McWhirter v. AAA Life Ins. Co.*, 622 F. App'x 364, 366 (5th Cir. 2015) (holding affidavit based on witness's belief rather than personal knowledge is insufficient summary judgment evidence (citations omitted)); *Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 881 (5th Cir. 2014) (stating summary judgment affidavit must provide sufficient information to allow the court to conclude that the affiant's assertions are indeed based on personal knowledge, not simply assert that the conclusions are based on personal knowledge (citing cases)); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (stating conclusory assertions in affidavit may not be relied upon on summary judgment (citation omitted)).

[31] *Bickerstaff v. Whitney Nat'l Bank*, 99 F.3d 1135, 1996 WL 595654, at *3 (5th Cir. 1996) (citations omitted); *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 (5th Cir. 2004); *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 152-53 (5th Cir. 1995) (holding plaintiff's subjective beliefs are not sufficient to create an issue of fact).

[32] *See Bickerstaff*, 1996 WL 595654, at *2-3 (holding that the evidence "falls within the gambit of subjective speculation and could not prevent summary judgment"); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) ("No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for non-moving party.").

[33] *Anderson*, 477 U.S. at 249-50 (citations omitted).

[34] *John v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citations omitted).

absence of proof, the court will not assume the nonmovant could or would prove the necessary facts, and the mere argued existence of a fact dispute will not defeat a properly supported motion.[35]

### C. **Qualified Immunity**

"Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly established statutory or constitutional rights."[36]  It "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."[37]  One of the most salient benefits of qualified immunity is protection from costly, time-consuming litigation.[38] Qualified immunity is thus not only a defense to liability but also "a limited entitlement not to stand trial or face the other burdens of litigation."[39]

Qualified immunity adjusts "the nature of the summary-judgment burden, how and when the burden shifts, and what it takes to satisfy the burden."[40]  When a public official makes a good-faith assertion of qualified immunity, the burden shifts to the "plaintiff to show that the defense is not available."[41]  The defendant need not put forth evidence to meet its summary judgment burden; rather, it is sufficient to plead the defense in good faith, which shifts the burden to plaintiff to rebut

---

[35] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little*, 37 F.3d at 1075); *Simmons v. Berglin*, 401 F. App'x 903, 905, 908 (5th Cir. 2010) (citing *Anderson*, 477 U.S. at 248); *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005) (citations omitted).

[36] *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (per curiam) (citation omitted).

[37] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Tuttle v. Gallegos*, No. 25-20132, 2026 WL 1861047, at *4 (5th Cir. June 29, 2026) (published).

[38] *Pearson*, 555 U.S. at 237 (recognizing qualified immunity is immunity from suit rather than merely a defense to liability); *Backe v. LeBlanc*, 691 F.3d 645, 646-48 (5th Cir. 2012) (allowing the defense to be raised via Rule 12 motion (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009); *accord. Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) ("[O]ne of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.'" (quoting *Backe*, 691 F.3d at 648); *Pearson*, 555 U.S. at 237 ("Qualified immunity is an immunity from suit rather than a mere defense to liability" (citation modified)).

[40] *Tuttle*, 2026 WL 1861047, at *4 (quoting *Joseph v. Bartlett*, 981 F.3d 319, 329 (5th Cir. 2020)).

[41] *Id.* (citing *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016) (cleaned up)).

it.[42]  The plaintiff "must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law."[43]  Plaintiff need not present "absolute proof" but must offer more than "mere allegations."[44]

In determining whether a defendant is entitled to qualified immunity, courts must ask: "(1) was a statutory or constitutional right violated on the facts alleged; and (2) did the defendant's actions violate clearly established statutory or constitutional rights of which a reasonable person would have known."[45]  If the official's actions violated a clearly established law, the court then asks whether the actions were objectively reasonable in light of law which was "clearly established at the time of the misconduct."[46]  These steps may be evaluated in any order, and plaintiff bears the burden; defendants are entitled to qualified immunity if the plaintiff fails to show either one.[47]

Plaintiff's § 1983 claim is for excessive force, thus implicating a constitutional right. Generally, to establish a claim for excessive force, a plaintiff must demonstrate "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[48]  In the context of an Eighth Amendment excessive force claim, because prison officials have the difficult job of balancing the need to maintain and restore discipline, the core question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[49]  The

---

[42] *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003) (per curiam) (citations omitted).

[43] *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005)).

[44] *Tuttle*, 2026 WL 1861047, *5 (quoting *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009) (quoting *Reese v. Anderson*, 926 F.2d 494, 499 (5th Cir. 1991))).

[45] *Id.* at *4 (citing *Tucker v. City of Shreveport*, 998 F.3d 165, 172 (5th Cir. 2021)).

[46] *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

[47] *Pearson,* 555 U.S. at 242; *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc).

[48] *Bangmon v. Alexander*, No. 18-41043, 2021 WL 3477490, at *2 (5th Cir. Aug. 6, 2021) (addressing claims under the Eighth and Fourteenth Amendments (citing *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012))); *Narro v. Edwards*, 829 F. App'x 7, 11 (5th Cir. 2020).

[49] *Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998) (citation modified) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

officer's subjective intent is determined by reference to the non-exclusive *Hudson* factors used to assess whether unnecessary and wanton infliction of pain was used in violation of a prisoner's Eighth Amendment right to be free from cruel and unusual punishment:  (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.[50]  And while the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even when the inmate does not suffer serious injury,[51] an inmate must allege more than a *de minimis* injury to state an Eighth Amendment claim, unless the use of force is "repugnant to the conscience of mankind."[52]  To determine whether injury caused by excessive force is more than *de minimis* under the Eighth Amendment, courts must consider the context in which the force was used and all the surrounding circumstances.[53]

A plaintiff's burden at the second step of the qualified immunity analysis is quite heavy.[54] Plaintiff must demonstrate that the law is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[55]  Although the plaintiff need not cite "a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate."[56]  The question must be framed "with specificity and granularity,"[57] i.e.,

---

[50] *Byrd v. Harrell*, 48 F.4th 343, 347 (5th Cir. 2022); *Cowart v. Erwin*, 837 F.3d 444, 452-53 (5th Cir. 2016); *Skinner v. Gautreaux*, 593 F. Supp. 3d 383, 392-93, 395 (M.D. La. 2022).

[51] *Wilkins*, 559 U.S. 34, 34 (2010) (per curiam) (quoting *Hudson*, 503 U.S. at 4).  In *Wilkins*, the Supreme Court confirmed that the standards established in *Hudson* remain the law.  *Id.*

[52] *See generally id.*, 559 U.S. at 34, 39-40 (overturning lower court decision and finding injuries from officer's beating inmate consisting of bruised heel, lower back pain, increased blood pressure, migraine headaches, dizziness, psychological trauma, and mental anguish to be more than *de minimis*); *Hudson*, 503 U.S. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.").

[53] *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

[54] *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).

[55] *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

[56] *Id.* at 12 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

[57] *Morrow*, 917 F.3d at 874-75.

particularized to the facts of the case rather than defined at a high level of generality.[58]  In other words, outside of an obvious case, the law is only clearly established if a prior case exists involving similar circumstances.[59]

## III.    ANALYSIS

### A.  Rule 41

#### 1.  Clear Record of Delay or Contumacious Conduct

Defendant requests dismissal of Plaintiff's claims against him with prejudice for failure to prosecute primarily based on the failure to respond to the December 27, 2025, discovery requests despite the multiple extensions granted by the Court.  ECF Nos. 79, 79-1; *see* ECF No. 68 ¶ 2 (noting discovery requests resent on February 11, 2026); No. 72-4.  Plaintiff's responses to same were originally due on March 16, 2026, approximately two weeks before expiration of the discovery deadline.  *See* FED. R. CIV. P. 5(a)(1)(C), (b)(2)(C); 6(d); 33(b)(2); 34(b)(2)(A); 36(a)(3); ECF No. 65.  The Court also extended the discovery deadline to allow Plaintiff to respond to the outstanding discovery, ordering him to respond by April 29, 2026, and extended again to require responses by May 28, 2026.  *See* ECF Nos. 71, 75.  Plaintiff's failure to respond to discovery has thus caused at least a 3-month delay and one trial continuance, and the continued failure would require a second trial continuance.

A Rule 41(b) dismissal for delay is "reserved" for the "egregious and sometimes outrageous delays," i.e., "where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff

---

[58] *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam) (citation omitted).
[59] *Cope v. Cogdill*, 3 F.4th 198, 205 (5th Cir. 2021) (stating "plaintiffs are only excused of their obligation to identify an analogous case in 'extreme circumstances' where the constitutional violation is 'obvious.'" (quoting *Taylor v. Riojas*, 141 S. Ct. 52, 53-54 (2020 (per curiam); and citing *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (explaining that qualified immunity precedents allow for the "rare possibility that, in an obvious case, analogous case law is not needed because the unlawfulness of the challenged conduct is sufficiently clear"))).

its benefits."[60]  Usually, a delay warranting a dismissal with prejudice must be longer than a few (or three[61]) months and characterized by "significant periods of total inactivity."[62]  Although Plaintiff's failure to engage in discovery has delayed this proceeding, that period does not reflect total inactivity because Plaintiff did attend the May 11, 2026, scheduling conference, file a motion for extension on April 27, 2026, and attend the June 24, 2026, hearing on the motion to dismiss. *See* ECF Nos. 71, 74-76.

A party's conduct is not "contumacious" because of his "negligence—regardless of how careless, inconsiderate, or understandably exasperating."[63]  It is a party's "stubborn resistance to authority" that demonstrate contumacious conduct and justifies a dismissal with prejudice.[64]  A dismissal with prejudice based on contumacious conduct thus requires either "no reasonable justification for the plaintiff's conduct,"[65] behavior that "threatens the integrity of the judicial process,"[66] or "willful disobedience of a court order."[67]

Defendant points to Plaintiff's multiple violations of court orders.  *See* ECF No. 79-1.  A Rule 41(b) dismissal is generally not appropriate "where a plaintiff has failed only to comply with a few court orders or [federal] rules."[68]  By the Court's count, Plaintiff has failed to comply six times.  Since February 11, 2026, Plaintiff has violated Rules 33(b)(2) and 34(b)(2)(A); this Court's March 25, 2026, Order requiring the parties attend a March 30, 2026, status conference; May 7,

---

[60] *Millan*, 546 F.3d at 327 (quoting *Rogers*, 669 F.2d at 321).

[61] *United States v. Bevill*, No. 18-10708, 2021 WL 4995478, at \*2 (5th Cir. Oct. 27, 2021) (per curiam) (citing *Millan*, 546 F.3d at 326-27).

[62] *Millan*, 546 F.3d at 326-27 (quoting *McNeal*, 842 F.2d at 791 (quoting *John v. Louisiana,* 828 F.2d 1129, 1131 (5th Cir. 1987)).

[63] *Boudy*, 168 F.4th at 264 (quoting *Millan*, 546 F.3d at 327 (quoting *McNeal*, 842 F.2d at 792)).

[64] *Id.* (quoting same)

[65] *Miller v. Ohio Sec. Ins. Co.*, No. 24-30740, 2025 WL 3034704, at \*4 (5th Cir. Oct. 30, 2025) (quoting *Lucero v. Wheels India, Ltd.*, No. 23-10494, 2023 WL 8622293, at \*3 (5th Cir. Dec. 13, 2023) (unpublished)).

[66] *Id.* (citation modified) (quoting *Rogers*, 669 F.32d at 320).

[67] *Id.* (quoting *Deepwater Horizon*, 922 F.3d at 666).

[68] *Berry*, 975 F.2d at 1191 n.6 (citing cases).

2026, Order requiring he provide responses by May 28, 2026; May 11, 2026, Scheduling Order requiring the parties, by June 18, 2026, file into the record and serve their opponents a list of all witnesses they intend to call at trial and their expected testimony and a list of all exhibits that may be used; and June 12, 2026, Show Cause Order requiring Plaintiff to explain for his failure to provide discovery responses as ordered on May 7, 2026.  *See* ECF Nos. 69, 75, 76 at 1, 79-1 at 1, 82-83.

While a *pro se* litigant's inexperience with the federal system may explain his failures to provide discovery responses initially,[69] Plaintiff is no stranger to the court system.[70]  Even if his inexperience were an excuse for not knowing and complying with the federal rules, which it is not, Plaintiff's willful disobedience includes his failure to deliver responses, failure to explain the reason for that failure, failure to file his witness and exhibit lists, and refusal to attend a status conference, as ordered in multiple court orders.[71]  Plaintiff has not provided reasonable justification for those failures, and difficulties with other inmates and relocations does not justify the failure to respond to discovery for over three months.  *See, e.g.*, ECF No. 83.  Nor is there any evidence of confusion or misunderstanding as Plaintiff did not request clarification of any order.[72] Such repeated willful disobedience without reasonable justification threatens the integrity of the judicial process.[73]  And despite his participation at some stages of the case, Plaintiff has apparently chosen not to participate in discovery at all.[74]

---

[69] *See Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 303 (5th Cir. 2007).

[70] *See* ECF No. 63 (confirming his changes of address for the 7 other cases he is litigating)

[71] *See* ECF Nos. 69, 71, 75-76, 79-1, 82-83.

[72] *See Moore v. CITGO Refining & Chems. Co., L.P.*, 316-17 (5th Cir. 2013) (finding court did not abuse discretion by refusing to credit "plaintiffs' claims that their disobedience [of a discovery order] was grounded in confusion or sincere misunderstanding" because their "failure to request clarification of the order militates such a finding" (citing *Worrell v. Hous. Can! Academy,* 424 F. App'x 330, 337 (5th Cir.2011) (per curiam))).

[73] *Miller*, 2025 WL 3034704, at *5 ("Indeed, repeatedly defying court orders, with no reasonable justification, threatens the integrity of the judicial process." (citations modified)).

[74] *See Walker-King v. WageWorks, Inc.*, No. 21-1240, 2022 WL 19518466, at *4 (N.D. Tex. Nov. 10, 2022) (Ramirez, M.J.) (citing *Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412-13 (5th Cir. 2006) (affirming

Moreover, Plaintiff's refusal to attend the March 30, 2026, conference as ordered itself constitutes contumacious conduct.  Even a single failure to attend a hearing is a critical default,[75] regardless of whether a party has "conscientiously litigat[ed] the case" at earlier points.[76]  Here, Plaintiff outright refused to appear and participate in the March 30, 2026, conference.  ECF No. 71 at 1.  Such intransigence, alone or in tandem with his other failures to comply, demonstrates a clear record of "stubborn resistance to authority" and thus contumacious conduct.[77]  Plaintiff's failures to comply with multiple rules and/or court orders amounts to a failure to prosecute.

### 2.  Consideration of Lesser Sanctions

Having found a clear record of Plaintiff's contumacious conduct that justifies dismissal of this case with prejudice, the Court must next consider whether imposing a lesser sanction is in the best interest of justice.[78]  "Lesser sanctions include assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal

---

dismissal of an employment lawsuit with prejudice because the plaintiff had been uncooperative with the discovery process for about five months and then had completely disappeared after having skillfully prosecuted her case pro se up to that point) *Wright v. Robinson*, 113 F. App'x 12, 15-16 (5th Cir. 2004) (upholding a dismissal with prejudice where a plaintiff failed to cooperate in the discovery process)), *R.&R adopted*, 2023 WL 2525041 (N.D. Tex. Mar. 14, 2023); *Wilson v. James Indus. Contractors*, No. 16-1263, 2016 WL 7717492, at *3 (E.D. La. Nov. 18, 2016) (dismissing with prejudice pursuant to Rule 41(b) because *pro se* plaintiff exhibited contumacious conduct by failing to respond to discovery served 5 months before despite the court twice ordering he do so).

[75] *Mortel v. Nowicki*, No. 25-50616, 2026 WL 867493, at *2 (5th Cir. Mar. 30, 2026) (per curiam) (quoting *McCullough v. Lynagh*, 835 F.2d 1126, 1127 (5th Cir. 1988)); *see McCullough*, 835 F.2d at 1126-27 (affirming Rule 41(b) dismissal of case without prejudice based on *pro se* prisoner's single failure to attend a hearing); *Francois v. City of Gretna*, 66 F. App'x 547, 576 (5th Cir. 2016) (affirming Rule 41(b) dismissal of case without prejudice based on plaintiff's single failure to attend a hearing).

[76] *Smith v. Bogalusa City*, No. 23-30707, 2024 WL 1156536, at *2 (5th Cir. Mar. 18, 2024) (per curiam) (quoting same).

[77] *See Deepwater Horizon*, 922 F.3d at 666 ("Contumacious means a willful disobedience of a court order." (citation modified); *cf. Boudy*, 168 F.4th at 265 (finding plaintiff's refusal to "file any future Motions" and failure to appear at 3 hearings stubborn resistance to authority and thus contumacious conduct (citing *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) ("[A] decision not to comply with the district[ ] court's orders shows a clear record of purposeful, contumacious conduct and amounts to [ ] 'the stubborn resistance to authority' justifying a dismissal with prejudice." (quoting *Millan*, 546 F.3d at 327);*Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 845 (5th Cir. 2018) ("The district court was well within its discretion to dismiss this case . . . in response to Griggs's disobedience to its prior order."); *Fendlason*, 555 F. App'x at 380 (affirming dismissal with prejudice when the party "repeatedly failed to appear for various proceedings, and failed to comply with district court orders"))).

[78] *Id.* at 265.

15

without prejudice, and explicit warnings."[79]   Where imposition of same would prove futile, a dismissal with prejudice may be imposed.[80]

As a *pro se* litigant, the Court cannot impose monetary or disciplinary sanctions on counsel. Imposing monetary sanctions on Plaintiff himself would be futile considering he is proceeding *in forma pauperis*.[81]   And so would a sanction of exclusion of evidence or witnesses not disclosed because Plaintiff has provided no discovery.[82]

The Court's orders have explicitly warned Plaintiff twice, once of June 14, 2024, and again on March 30, 2026, that his case may be dismissed should he fail to comply with its orders, and the latter order warned of this consequence should he fail to provide discovery responses and fail to participate in scheduled conferences.   ECF Nos. 9, 71.[83]   These advance warnings mitigate this Court's requirement to consider lesser sanctions.[84]

Moreover, the Court has provided Plaintiff "with a second [and] third chance" to provide

---

[79] *Id.* at 265-66 (citation modified) (quoting *Deepwater Horizon*, 988 F.3d at 198  (quoting *Rogers*, 669 F.2d at 321)).

[80] *Id.* at 265 ("We cannot affirm a dismissal unless . . . the record reveals that the district court employed lesser sanctions prior to dismissal . . . that in fact proved to be futile." (quoting *Callip*, 757 F.2d at 1521)).

[81] *Id.* at 267 ("Nor were monetary sanctions likely to have deterred Boudy's conduct in refusing to comply with the court's orders." (citing *Bailey v. N.E. Indep. Sch. Dist.*, 9 F.3d 102, 102 (5th Cir. 1993) (noting that "[i]mposing a fine would be futile because [the plaintiff] is proceeding as a pauper"); *Sampson v. Giles*, 410 F. App'x 823, 825 (5th Cir. 2011) (concluding that the record supported "the finding that a lesser sanction would not better serve the interests of justice, as the court explicitly contemplated the imposition of fines and costs, but found they were inappropriate given [the plaintiff's] IFP status"))); *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013) ("At one point, Thrasher was proceeding *in forma pauperis,* thus any monetary sanctions would have been fruitless." (citing *Lewis v. Sheriff's Dep't Bossier Par.,* 478 F. App'x 809, 818 (5th Cir. 2012) (per curiam))).

[82] *Boyd v. Dall. Area Rapid Transit*, No. 18-1326, 2020 WL 8371190, at *3 (N.D. Tex. Dec. 28, 2020) (Ramirez, M.J.) ("Because Plaintiff has provided no discovery, exclusion of evidence or witnesses not disclosed, as suggested in *Farmer v. Louisiana Electronic and Financial Crimes Task Force*, 553 F. App'x 386, 389[n.6] (5th Cir. 2014), would likely also not be effective.").

[83] *Cf. Boudy*, 168 F.4th at 266 (noting district court provided three warnings (citing *Fendlason*, 555 F. App'x at 378 (affirming the district court's dismissal with prejudice when the plaintiff "had at least two warnings that dismissal was possible in this case")). An order need not cite Rule 41 as the basis for a dismissal.  *See id.* (counting as a warning an order noting plaintiff could be sanctioned pursuant to Rule 11).  Nor must the order warn of a dismissal with prejudice. *Id.* ("While neither warning explicitly stated that the sanction could be dismissal *with prejudice*, this court has affirmed even when the district court did not specify that dismissal would be with prejudice." (citing *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 442-43 (5th Cir. 2016); but also citing *Yanez v. Dish Network, L.L.C.*, 140 F.4th 626, 633 (5th Cir. 2025) (concluding that dismissal "with prejudice was an abuse of discretion" when "the court did not indicate that the dismissal would effectively be with prejudice" and thus it was "not clear that the district court considered a lesser sanction"))).

[84] *Id.*

16

responses to Defendant's discovery requests (*See* ECF Nos. 71, 75), which are *themselves* "lenient sanction[s], which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice."[85]  Despite this Court's repeated extensions, Plaintiff has continued to violate the Court's orders and failed to provide discovery responses.  The previous lesser sanctions of warnings and additional chances have not changed Plaintiff's behavior and have proved futile.

The lesser sanction of dismissal without prejudice is not available because Plaintiff's claims would be time-barred.[86]  The alleged excessive force underlying Plaintiff's claims (i.e., the chemical spray incident) occurred on June 19, 2022.  ECF No. 4 ¶ IV, at 6.[87]  Louisiana's then-applicable one-year prescriptive period[88] applies to Plaintiff's § 1983 claim while Louisiana's two-year prescriptive period applies to his state law claims because aggravated assault and aggravated battery with a dangerous weapon (which includes mace or pepper spray) fall within the definition of "crime of violence."[89]

---

[85] *In re Taxotere* (*Docetaxel*) *Prods. Liab. Litig.*, 966 F.3d 351, 360 (5th Cir. 2020) (alterations in original) (quoting *Callip*, 757 F.2d at 1521).

[86] *See Berry*, 975 F.2d at 1191 (quoting *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. Unit A Oct. 1981); and citing *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 329 (5th Cir. 1987); *Boazman v. Econs. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)).

[87] Federal law provides that a § 1983 claim accrues when the plaintiff knows or has reason to know of the basis of the action.  *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (per curiam) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) (citation modified) (quoting *Gartrell*, 981 F.2d at 257).

[88] There is no federal statute of limitations for actions brought under § 1983, so federal courts borrow the forum state's general or residual personal injury statute limitations.  *Owens v. Okure*, 488 U.S. 235, 239, 250-51 (1989); *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir. 2024) (citations omitted).  In Louisiana, LA. CIV. Code art. 3492's one-year prescriptive period applies personal injury claims based on acts that occurred before July 1, 2024.  Although the Louisiana Legislature extended Louisiana's one-year prescriptive period for torts to two years, that change has "prospective application only" and thus applies only to delictual actions arising after the July 1, 2024 effective date of Act 423.  See  LA. CIV. CODE arts. 3492, 3493.1; 2024 La. Sess. Law Serv. Act 423 (H.B. 315); *Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the one-year period of former Article 3492 to tort claim occurring before July 1, 2024).

[89] *See* LA. CIV. CODE art. 3493.3; LA. REV. STAT. §§ 14:2(A)(3), (B)(5), (7), :34(A), :37(A); *State v. Harris*, 966 So. 2d 773, 779 (La. App. 2 Cir. 2007) (discussing *State v. Johnson*, 730 So. 2d 1035 (La. App. 2 Cir. 1999); *State v. Rembert*, 312 So. 2d 282 (La. 1975)).  Federal courts apply state statutes of limitations to state claims raised in federal court, and state law also determines when a state cause of action accrues. *Hensgens v. Deere & Co.*, 869 F.2d 879,

Even considering any applicable tolling provision,[90] Plaintiff's claims would be time-barred.  Excluding the 343-day period during which Plaintiff had a grievance pending pursuant to Louisiana's administrative remedy procedure ("ARP"),[91] 302 days had run before Plaintiff tendered his complaint to a prison official on March 26, 2024.[92]  And while the filing of a complaint interrupts prescription as long as suit is pending,[93] with prescription running anew from the last day of interruption,[94] "[i]nterruption is considered never to have occurred if the plaintiff abandons the suit . . . ."[95]  Thus, a Rule 41(b) without prejudice dismissal would leave Plaintiff in the same legal position as if no suit had been filed,[96] resulting in a time-bar.[97]  For that reason, dismissal without prejudice under Rule 41(b) is futile.

---

[90] *See Smith*, 827 F.3d at 421 (quoting *Gartrell*, 981 F.2d at 257); *Hensgens*, 869 F.2d at 880.  Both federal and state law provide for tolling of the prescriptive period during the pendency of an administrative grievance.  The Prison Litigation Reform Act requires a plaintiff to exhaust available administrative remedy procedures ("ARP")  before filing suit,  and the pendency of a properly filed ARP grievance tolls the running of prescription of a related claim.  42 U.S.C. § 1997e(a); *Kron v. LeBlanc*, No. 11-2263, 2012 WL 4563957, at *14 (E.D. La. Oct. 1, 2012), (*citing Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009); *McBarron v. Fed. Bureau of Prisons*, 332 F. App'x 961, 964 (5th Cir. 2009); *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999)) *R.&R. adopted*, 2013 WL 823550 (E.D. La. Mar. 6, 2013).  In Louisiana, "[p]rescription is suspended upon the filing of a prisoner's grievance 'until the final agency decision is delivered."  *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019) (quoting LA. REV. STAT. § 15:1172(E); and citing *Allen v. State*, 107 So. 3d 106, 109-10 (La. App. 3 Cir. 2012)).

[91] In Louisiana, a prisoner exhausts his remedies when he completes the two required steps of the grievance process. *See Bargher*, 928 F.3d at 447 (citing *Dillon v. Rogers*, 596 F.3d 260, 265-66 (5th Cir. 2010)).  Plaintiff filed his step 1 request on September 19, 2022, and Warden Day denied relief on June 28, 2023.  ECF No. 4-1 at 1.  Plaintiff filed a step 2 request, which the Secretary of Louisiana Department of Public Safety and Corrections received on July 18, 2023, and denied on August 21, 2023.  *Id.* at 1-2.  The Court assumes a 7-day mailing period.

[92] The period between September 19, 2022, through August 28, 2023 does not count because of the pending ARP. But the 92 days from June 19 through September 18, 2022, and the 210 days from August 29, 2023, through March 25, 2024, do count, resulting in 302 days of prescription.

[93] *Stanley v. Morgan*, 120 F.4th 467, 472 (5th Cir. 2024) (citation modified) (quoting *Cichirillo v. Avondale Indus., Inc.*, 917 So. 2d 424, 430 (La. 2005); and citing LA. CIV. CODE art. 3462).

[94] *Gonzalez v. Seal*, 677 F. App'x 918, 922 (5th Cir. 2017) (quoting LA. CIV. CODE art. 3466).

[95] LA. CIV. CODE art. 3463(B); *see Hilbun v. Goldberg*, 823 F.2d 881, 883-84 (5th Cir. 1987) (holding that dismissal without prejudice under Rule 41(b) for failure to prosecute constitutes "abandonment under Article 3463"); *see also Brown v. City of Central*, No. 23-30146, 2024 WL 546340, at *8 n.35 (5th Cir. Feb. 12, 2024) (per curiam); *Reed v. City of Alexandria*, No. 14-854, 2015 WL 1822383, at *3 (W.D. La. Apr. 21, 2015) ("Where there has been a Rule 41(b) dismissal for failure to prosecute, interruption of prescription will be considered never to have occurred pursuant to article 3463." (citing *Green v. La. Dep't of Pub. Safety & Corr.*, No. 06-1018, 2007 WL 1805728, at *2 (W.D. La. June 21, 2007))).

[96] *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995) (citing *Hilbun*, 823 F.2d at 884).

[97] *Id.* (citing *Norlock v. City of Garland,* 768 F.2d 654, 658 (5th Cir. 1985)).

### 3. Aggravating Factors

Though the assessment of aggravating factors is not required, three aggravating factors are present here.  Because Plaintiff has proceeded in this matter *pro se*,  Plaintiff was "personally responsible" for his contumacious conduct.[98] And as demonstrated by his repeated refusal to engage in discovery, disobedience of the Court's orders, and refusal to attend the March 30, 2026, status conference, Plaintiff's conduct has been intentional.[99]   Finally, Plaintiff's failure to participate in the discovery process has prejudiced Defendant in his trial preparations.[100]

### B. <u>Summary Judgment</u>

"Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[101] Assuming Plaintiff can establish this claim considering the *Hudson* factors, Defendant has raised the defense of qualified immunity, arguing that he properly employed a single use of chemical spray when Plaintiff failed to comply with verbal commands while flooding his cell.  ECF No. 72-1 at 5-7.  Had Defendant's Requests for Admissions not contained a typographical error in the year, the deemed admissions alone would justify entry of summary judgment.[102]   Given the date discrepancy, however, the deemed admissions do not support entry of summary judgment.

---

[98] *Boudy*, 168 F.4th at 267 (quoting *Nottingham*, 837 F.3d at 442).

[99] *See id.* ("[I]t was not clear error for the district court to find that Boudy's conduct was intentional. She refused to seek a continuance with regard to the first show cause order, and as mentioned above, she failed to appear at either of the court's show cause hearings.").

[100] *See Wright*, 113 F. App'x at 16 ("In addition, Wright failed to cooperate in the discovery process, causing defendants irrefutable harm in failing to gather evidence."); *Daggs v. Ochsner L.S.U. Health Sys. of N. La.*, No. 20-440, 2021-5834421, at *3 (W.D. La. Nov. 23, 2021) ("At this stage, the court is compelled to agree that Defendant has suffered cognizable prejudice in presenting its defense in light of Plaintiff's persistent and intransigent unwillingness to heed her discovery obligations and the associated orders of the court.").

[101] *Bangmon v. Tucker*, No. 24-40122, 2025 WL 2222993, at *3 (5th Cir. Aug. 5, 2025) (per curiam) (citation modified) (quoting *Hudson*, 503 U.S. at 6-7)).

[102] *See Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) (recognizing that facts deemed admitted by a failure to respond in a timely manner are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by pointing to contradictory evidence (citing *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001))).  Plaintiff's

The Fifth Circuit has recognized that no clearly established law forbids the application of a single burst of a chemical irritant in order to compel a prisoner to comply with an order,[103] and that prison officials may be required to "act quickly and decisively" in maintaining order, upholding the brief use of chemical agents to maintain or restore discipline or to compel compliance on many occasions.[104]  Thus, the use of chemical spray is thus not a *per se* violation of the Eighth Amendment, even where the inmate is locked in his cell.[105]  Constitutional lines are crossed, however, when chemical spray is used against a restrained or compliant party in quantities greater than necessary or for the sole purpose of punishment or infliction of pain is a violation of the Eighth Amendment.[106]

Determining whether a use of force was reasonable requires careful attention to the facts and circumstances of each particular case to assess "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them," not with the 20/20 vision of hindsight.[107]  While all disputed facts are construed in the light most favorable to plaintiff, courts "evaluating the reasonableness of an officer's use of force must consider how a reasonable officer

---

complaint addressed an incident on June 19, 202**2**.  ECF No. 4 ¶ IV, at 6.  Defendant's Requests for Admissions all identify the incident date as June 19, 202**3**.  ECF No. 72-4 at 4-9.

[103] *Kitt v. Bailey*, 676 F. App'x 350, 352 (5th Cir. 2017).

[104] *Amos v. Jefferson*, 861 F. App'x 596, 603-04 (5th Cir. 2021) (quoting *Hudson*, 503 U.S. at 6); *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir. 1975).

[105] *McCoy v. Alamu*, 950 F.3d 226, 231 (5th Cir. 2020) (citing *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)), *vacated on other grounds*, 141 S. Ct. 1364 (2021); *Lee v. Bickham*, No. 24-2337, 2024 WL 5050029, at *3 (E.D. La. Nov. 8, 2024) (quoting *Vizcayno v. Michael Unit*, No. 18-440, 2020 WL 5536504, at *7 (E.D. Tex. July 26, 2020) (citations omitted)), *R.&R. adopted*, 2024 WL 5046039 (E.D. La. Dec. 9, 2024), *objections overruled*, 2025 WL 343466 (E.D. La. Jan. 30, 2025).

[106] *Sanchez v. Nunemaker*, No. 25-50596, 2026 WL 1792846, at *4 (5th Cir. June 23, 2026) (affirming denial of qualified immunity of officer accused of discharging high-velocity pepper spray from half the manufacturer-provided minimum safe distance into the face of a suspect who was handcuffed and restrained and not attempting to flee or posing an immediate threat); *Ramirez v. Killian*, 113 F.4th 415, 424-25 (5th Cir. 2024) (denying qualified immunity for use of chemical spray during search of home where video showed use of spray occurred while suspect was attempting to comply with officer's instructions (citations omitted)); *Bagley v. Guillen*, 90 F.4th 799,803 (5th Cir. 2024) (finding law clearly established that officer may not use force on a compliant suspect).

[107] *Tuttle,* 2026 WL 1861047, at *5 (quoting *Graham*, 490 U.S. at 396-97); *Doe v. Harris County*, No. 21-20251, 2022 WL 220114, at *5 (5th Cir. Jan. 24, 2022).

would have perceived those facts,"[108] recognizing that prison officials often must make split-second decisions in tense situations.[109]

The parties' dispute whether Plaintiff was intentionally flooding his cell or the flood somehow happened without Plaintiff's participation, as well as Plaintiff's compliance with directions. Those fact disputes do not, however, preclude summary judgment because neither party disputes that, at the time of the incident, water was actively flowing from Plaintiff's sink and toilet flooding his cell. Regardless of the cause, Plaintiff's cell was being flooded, and Plaintiff was neither handcuffed nor otherwise restrained when Defendant entered to take immediate action to stop the flow of water. Thus, the single use of pepper spray cannot be said to have been gratuitous or malicious rather than in an effort to gain safe access to address the water emergency.[110] Had there not been an active flood or other emergent condition and Defendant simply walked past Plaintiff's cell and sprayed him, the outcome in this case would be different.

Moreover, the normal effects of being sprayed with chemical/pepper spray are considered *de minimis* physical injury.[111] While Plaintiff has alleged long-term blurred vision from the pepper

---

[108] *Tuttle,* 2026 WL 1861047, at *9 (citation modified) (quoting *Tucker*, 998 F.3d at 171-72 (citing *Griggs v. Brewer*, 841 F.3d 308, 313-14 (5th Cir. 2016))).

[109] *Fairchild v. Coryell County*, 40 F.4th 359, 363 (5th Cir. 2022); *Lawrence v. Knighten*, No. 93-7698, 1994 WL 397704, at *4 (5th Cir. 1994).

[110] *Williams v. Voorhies*, No. 24-30804, 2026 WL 1269834 (5th Cir. May 8, 2026) (per curiam); *see also Rivers v. Jones*, No. 19-372, 2021 WL 2389646, at *3 (M.D. La. May 11, 2021) (granting summary judgment based on qualified immunity where officer used chemical spray to gain control of the situation and not solely for purposes of inflicting pain or punishment), *R.&R. adopted*, No. 19-372, 2021 WL 2386195 (M.D. La. June 10, 2021); *Christopher v. Young*, No. 19-691, 2020 WL 7517615, at *3 (W.D. La. Dec. 7, 2020) (granting summary judgment where officer did not use spray to maliciously and sadistically cause harm but rather in a good-faith effort to maintain or restore discipline), *R.&R. adopted*, 2020 WL 7490404 (W.D. La. Dec. 21, 2020).

[111] *Lee*, 2024 WL 5050029 at *4 (citing *Amos v. Jefferson*, No. 17-195, 2019 WL 950367, at *9 (E.D. Tex. Feb. 27, 2019), aff'd, 861 F. App'x 596 (5th Cir. 2021); *Martinez v. Nueces County*, No. 13-178, 2015 WL 65200 (S.D. Tex. Jan. 5, 2005) (simply being pepper sprayed, without some long term effects, is a *de minimis* injury), *aff'd sub nom.*, *Martinez v. Day*, 639 F. App'x 278 (5th Cir. 2016) (plaintiff's claims of excessive force, including tasing and pepper spray, fail where there was no evidence of cognizable injuries)); *see also Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106 (5th Cir. 2002) (affirming dismissal of excessive force claim where prisoner complained of "burning eyes, and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritations of his nose and throat, blistering of his skin, rapid heartbeat, mental anguish, shock and fear as a result of the use of mace," finding that the prisoner "has not shown that he suffered more than a *de minimis* injury").

spray, Plaintiff has other cases alleging improper use of pepper spray, both before and after this incident, yet he has presented no causal medical evidence linking his vision issues to this incident rather than other incidents in other cases.[112]  Plaintiff has not established that he sustained more than *de minimis* injury from the alleged improper use of chemical spray on June 19, 2022, when Defendant allegedly used same in connection with his efforts to address the flooding of Plaintiff's cell.  The absence of more than *de minimis* injury coupled with the single pepper spray allegation in relation to entry into the cell to address the flood thus supports summary judgment dismissing the claims.

## IV.    <u>CONCLUSION</u>

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant Lieutenant Russell Roberts's Motion to Dismiss for Failure to Prosecute (ECF No. 79) is GRANTED and Plaintiff's Complaint (ECF No. 4) be DISMISSED WITH PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

ALTERNATIVELY, IT IS ORDERED that Defendant's Motion for Summary Judgment based on qualified immunity (ECF No. 72) be GRANTED.

New Orleans, Louisiana, this ___9th___ day of July, 2026.

                    _____
                           DONNA PHILLIPS CURRAULT
                      UNITED STATES MAGISTRATE JUDGE

---

[112] *See, e.g.*, *Porter v. Lemire*, EDLA No. 24-504, ECF No. 132 ¶¶ 12-67